# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HELEN BRIGGS, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-13-1157-M |
| ) | |
| FREEPORT-MCMORAN COPPER ) | |
| & GOLD, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiffs' Motion for Class Certification and Brief in Support, filed February 23, 2015. On March 27, 2015, defendants Freeport-McMoran, Inc., f/k/a Freeport-McMoran Copper & Gold Inc., Freeport Minerals Corporation f/k/a Freeport-McMoran Corporation f/k/a Phelps Dodge Corporation, Cyrus Amax Minerals Company, and Blackwell Zinc Company, Inc. (collectively "Defendants") responded. On June 25, 2015, plaintiffs replied, and on July 24, 2015, Defendants filed their surreply. Also before the Court are plaintiffs' Motion to Exclude Certain Opinions of Dr. Barbara Beck and Defendants' Motions to Exclude Plaintiffs' Expert Mark Berkman and Brief in Support, to Exclude Opinions of Plaintiffs' Expert J. Berton Fisher and Brief in Support, and to Exclude Opinions of Plaintiffs' Expert Richard DeGrandchamp and Brief in Support, filed June 26, 2015. Finally, before the Court are Defendants' Motion to Strike Rebuttal Reports of Plaintiffs' Experts and Brief in Support, filed July 10, 2015, and Defendants' Motion to Strike Second Rebuttal Report of Plaintiffs' Expert Richard DeGrandchamp, filed July 29, 2015. All of the above motions of plaintiffs and Defendants have been fully briefed. Based on the parties' submissions, the Court makes its determination.

I.  Introduction

This action stems from plaintiffs' allegations of continuous and ongoing pollution and contamination in and around the City of Blackwell, Kay County, Oklahoma.[1] Plaintiffs allege the pollution emanates from the Blackwell Zinc Smelter ("Blackwell Smelter"), which plaintiffs allege Defendants own.[2] The Blackwell Smelter began operations in 1916 and ceased operations on May 17, 1972. Plaintiffs allege that the Blackwell Smelter has continued to spread pollution throughout Blackwell from the beginning of its operations until today. Plaintiffs further allege that smelters, like the Blackwell Smelter, can cause air-polluting emissions and that Defendants operated the Blackwell Smelter with no emission controls. In their First Amended Complaint, plaintiffs allege:

> Some of Defendants' pollution was placed directly on the Plaintiffs' properties. In other cases, the blowing of the wind picks up Defendants' pollution and distributes it on Plaintiffs' properties. . . [sic] These pollutants contained considerable amounts of arsenic, lead, cadmium, zinc and other heavy metals. Defendants' holding areas and slag ponds were unlined and, as a result, heavy metals, such as zinc, lead, arsenic, and cadmium, contaminated the soils and leached into the groundwater.

Fir. Am. Compl. ¶ 122.

Plaintiffs filed this instant action seeking actual and punitive damages and injunctive relief against Defendants for (1) trespass; (2) private nuisance; (3) public nuisance; (4) negligence; (5)

---

[1] Plaintiffs consist of over 100 residents who are landowners in and around Blackwell, Oklahoma.

[2] During the operational period of the Blackwell Smelter, the Smelter was owned and operated by defendant Blackwell Zinc Company, Inc. ("BZC"). Plaintiffs allege:
> [BZC]. . . is a wholly owned subsidiary of Defendant Cyprus Amax [Minerals Company], which is a wholly owned subsidiary of Defendant [Freeport-McMoran Corporation] (formerly Phelps Dodge Corporation), which is a wholly owned subsidiary of Defendant Freeport-McMoRan [Copper & Gold Inc.].

Fir. Am. Compl. ¶116.

negligence *per se*; and (6) unjust enrichment. Plaintiffs now move this Court to certify this matter as a class action, pursuant to Federal Rules of Civil Procedure 23(b)(2)&(3).

II.   Motions to Exclude and Strike

Pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), plaintiffs have moved to exclude certain opinions of Defendants' expert Barbara Beck, and Defendants have moved to exclude the opinions of plaintiffs' experts Mark P. Berkman, J. Berton Fisher, and Richard DeGrandchamp. Further, Defendants have moved to strike the rebuttal reports of plaintiffs' experts and the second rebuttal report of plaintiffs' expert Richard DeGrandchamp.[3] As set forth below, the Court finds, even considering the parties' respective expert reports and opinions, that class certification is not appropriate in this case. Therefore, the Court finds no need to address the parties' motions to exclude and Defendants' motions to strike and finds these motions should be denied as moot.

III.   Discussion

Plaintiffs not only seek monetary damages but injunctive relief in the form of remediation and, therefore, move this Court for an order certifying classes in this action under Rules 23(b)(2)&(3). "The class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2550 (2011) (internal quotations and citation omitted). "To come within the exception, a party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013) (internal quotations and citation omitted). Further, although the plaintiff ultimately bears the burden of showing that the Rule 23 requirements

---

[3] Defendants contend that the rebuttal reports of plaintiffs' experts should be stricken because the Court's Scheduling Order did not provide for rebuttal reports and the reports were untimely.

3

are met, this Court must engage in its own "rigorous analysis" to ensure that certification is appropriate. *See Shook v. El Paso Cty.*, 386 F.3d 963, 968 (10th Cir. 2004).

Federal Rule of Civil Procedure 23 provides, in pertinent part:

(a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

    (1) the class is so numerous that joinder of all members is impracticable;

    (2) there are questions of law or fact common to the class;

    (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

    (4) the representative parties will fairly and adequately protect the interests of the class.

(b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if:

    \*      \*      \*

    (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

    (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:

        (A) the class members' interests in individually controlling the prosecution or defense of separate actions;

        (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;

> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(a),(b)(2)&(3).

Defendants contend that plaintiffs have failed to satisfy Rule 23(a) prerequisites and, further, that class certification under Rule 23(b)(2) is inappropriate and plaintiffs have failed to satisfy the requirements under Rule 23(b)(3). Having carefully reviewed the parties' submissions and applicable case law, the Court finds that plaintiffs have failed to satisfy the prerequisites of Rule 23(a). Specifically, the Court finds that plaintiffs have not established that the class is so numerous as to make joinder impracticable, pursuant to Rule 23(a)(1). *See Trevizo v. Adams*, 455 F.3d 1155, 1162 (10th Cir. 2006) (In instances of a numerousity analysis, the Tenth Circuit has stated that there is "no set formula to determine if the class is so numerous" and "grant[s] wide latitude to the district court in making th[e] determination.").

Plaintiffs assert that joinder is impracticable in this matter based upon the size of the class and the geographic dispersion of the potential class members. The Court finds that joinder is not impracticable. Specifically, the potential class in this matter consists of property owners of 479 parcels in Blackwell, Oklahoma who opted out of the settlement class in the *Coffey, et al. v. Freeport-McMoran Copper & Gold Inc.* litigation, in the District Court of Kay County, State of Oklahoma. Further, over 100 potential class members have already been joined to this action. Outside of stating that the property owners "could be widely dispersed," plaintiffs have presented no evidence showing geographic dispersion among the class members, and, in fact, plaintiffs' own expert, Dr. J. Berton Fisher ("Fisher"), retained to provide testimony on the class boundary, stated that "[t]he identities of the land parcels within the Briggs Class Boundary, their physical addresses

and their ownership [are] easily ascertained."[4] Plaintiffs' Second Supplement to Doc. No. 90 [docket no. 97], Ex. 1, Expert Report of John Berton Fisher ¶ 6(i). The Court finds that because the potential class members are easily ascertained and almost thirty-percent of the landowners have already been joined in this action, joinder of the remaining landowners would not be impracticable, and, therefore, plaintiffs' motion to certify class should be denied. *See Martin v. AMVEST Osage, Inc.,* Case No. CIV-04-0572-CVE-PJC, 20006 WL 1207709, at *4 (N. D. Okla. May 1, 2006) ("All members live in Osage County and their names are easily ascertained through records of past arbitrations. Thus, joinder of parties is neither "difficult [n]or unjust.") (internal citations omitted).

Further, even assuming plaintiffs could have been able to satisfy the prerequisites of Rule 23(a), the Court finds that, pursuant to its rulings in *McCormick v. Halliburton Energy Services, Inc.,* Case No. CIV-11-1272-M, class certification under Rule 23(b)(2) & (3) would have been inappropriate. Specifically, as to plaintiffs' assertion that a class should be certified under Rule 23(b)(2) for injunctive relief requiring remediation of the potential class members' soil, the Court finds that the Environmental Protection Agency and the Oklahoma Department of Environmental Quality has had continuing jurisdiction over the remediation actions stemming from the pollution emanating from the Blackwell Smelter since 1994, and, therefore, the Court would have declined to certify a class under Rule 23(b)(2) as it would have interfered with the jurisdiction of the regulatory agencies already involved in remediation actions in Blackwell. *See McCormick,* 2012 WL 1119493, at *3 (W.D. Okla. April 3, 2012) ("[T]he Court finds that it should abstain from exercising jurisdiction under the RCRA in order to permit the ODEQ to continue its investigation, supervision, and remediation of the Site without the prospect of conflicting directive from this

---

[4] Further, Fisher provides a list of the parcels, their addresses and owners. *See* Plaintiffs' Second Supplement to Doc. No. 90 [docket no. 97], Ex. 1, Expert Report of John Berton Fisher Exhibit X.

Court as to how the contamination should be remedied.") Additionally, as to class certification under Rule 23(b)(3), the Court determined in *McCormick* that the claims of nuisance, negligence, and trespass are all highly individualized claims requiring individualized evidence barring a class action. *See id.* 2015 WL 918767 (W.D. Okla. March 3, 2015).

Accordingly, for the reasons set forth above, the Court DENIES Plaintiffs' Motion for Class Certification and Brief in Support [docket no. 90] and DENIES plaintiffs' Motion to Exclude Certain Opinions of Dr. Barbara Beck [docket no. 107]; Defendants' Motions to Exclude Plaintiffs' Expert Mark Berkman and Brief in Support, to Exclude Opinions of Plaintiffs' Expert J. Berton Fisher and Brief in Support, and to Exclude Opinions of Plaintiffs' Expert Richard DeGrandchamp and Brief in Support [docket nos. 108, 109, & 110]; Defendants' Motion to Strike Rebuttal Reports of Plaintiffs' Experts and Brief in Support [docket no. 112] and Defendants' Motion to Strike Second Rebuttal Report of Plaintiffs' Expert Richard DeGrandchamp [docket no. 122] as MOOT.

**IT IS SO ORDERED this 28th day of March, 2017.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE